**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY GOODWIN,**

                **Petitioner,**                    **05-CV-0689**
                                                                               **(02-CR-0226)**

        **v.**

**UNITED STATES OF AMERICA.**

                **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.  INTRODUCTION**

      Timothy Goodwin (hereinafter "Petitioner") filed the instant motion pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and sentence.  Petitioner was allowed to supplement his motion several times. The government has opposed the motion inasmuch as it seeks to vacate his conviction or sentence, but consents to granting the motion so as to allow an appeal from the Court's June 2, 2004 Decision and Order in which the Court re-sentenced Petitioner upon remand from the United States Court of Appeals for the Second Circuit.

**II. BACKGROUND**

     In 2002, Petitioner was indicted for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 1) and for unlawful possession of a firearm by

a felon in violation of 18 U.S.C. § 922 (g)(1) (Count 2). See Indictment, dkt. no. 1 in United States v. Goodwin, 02-CR-226 (N.D.N.Y.).  He entered a guilty plea to Count 1 on January 7, 2003.  Petitioner then proceeded to trial on Count 2 and was convicted by jury verdict on January 17, 2003.  Petitioner was sentenced on May 16, 2003 to a period of 120 months imprisonment on Count 1 and 262 months imprisonment on Count 2, with the sentences to run concurrently.

Petitioner appealed his conviction and sentence to the United States Court of Appeal for the Second Circuit, arguing that this court erred

> (1) in denying his motion to suppress evidence obtained through a search warrant because there was an insufficient basis to issue a warrant allowing a "no-knock" search;  (2) in admitting evidence of Goodwin's marijuana activities during his separate felon-in-possession trial;  and (3) in finding that Goodwin possessed the firearm in connection with a controlled substance offense with the result that his offense level was improperly enhanced from 33 to 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A).

United States v. Goodwin, 96 Fed. Appx. 13, 2004 WL 551497, at * 1 (2d Cir. April 12, 2004).  The Second Circuit affirmed this court's decision as to the first two arguments, and reversed and remanded for clarification as to the basis for the enhancement as raised by the third argument. See id.

On remand, the Court addressed the issue of the enhancement and re-issued the original sentence of 262 months imprisonment in a Decision and Order dated June 2, 2004. See 6/2/04 Dec. & Ord., dkt. no. 87 in United States v. Goodwin, 02-CR-226 (N.D.N.Y.).  Familiarity with the June 2, 2004 Decision and Order is presumed.

Petitioner did not timely file an appeal from the June 2, 2004 Decision and Order. Instead, on July 7, 2004, Petitioner's counsel moved to file a late notice of appeal pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure.  In this application,

counsel asserted:

> On June 2, 2004, after a remand by the Court of Appeals, Your Honor clarified the standard upon which a sentencing enhancement pursuant to U.S.S.G. § 4G1.4(b)(3)(A) was applied. Because Mr. Goodwin is incarcerated in a federal prison in Pennsylvania following the Court's decision, I could only discuss the desirability of pursuing an appeal by U.S. mail. As a result, I did not learn that Mr. Goodwin wanted a notice to be filed until after the 10 days had lapsed. Counsel also respectfully submits that no prejudice will result from the filing of the notice of appeal at this time.

Greenwald Ltr., dkt. no. 88 in U.S. v. Goodwin, 02-CR-226. The Court initially granted the application but, after reconsideration, denied the request. See dkt. no. 92 in United States v. Goodwin, 02-CR-226 (N.D.N.Y.)(Finding that "there has not been a sufficient showing of excusable neglect or good cause to warrant an extension of time to file an appeal."). Accordingly, the motion to file a late notice of appeal was denied and no appeal was taken.

Petitioner now brings this action pursuant to 28 U.S.C. § 2255 making various arguments attacking his convictions and sentence. Petitioner's arguments fall into two categories. The first are substantive arguments concerning legal issues that were available but not raised on direct appeal. The second are allegations that his attorney was constitutionally ineffective because he failed to argue the substantive issues in the first category, failed to advance certain other arguments, provided improper legal advice, and failed to file a timely Notice of Appeal from the Court's June 2, 2004 Decision and Order. The Court will address the arguments *seriatim.*

### III. DISCUSSION

#### a. Section 2255 Standard

A § 2255 challenge is limited to claims that "the sentence was imposed in violation

3

of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, relief pursuant to section 2255 is available only "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in [a] complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)(quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). In a Section 2255 proceeding, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

### b. Arguments Not Raised On Direct Appeal

"It is well settled that a Section 2255 motion is not a substitute for direct appeal." Graff v. United States, 269 F. Supp.2d 76, 78 (E.D.N.Y. 2003)(citing United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998)). Accordingly, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002)(quoting Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)). "Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)(citing Douglas v.

United States, 13 F.3d 43, 46 (2d Cir. 1993)); see Arroyo v. United States, 2002 WL 662892, at * 2 (S.D.N.Y. April 22, 2002)(same) (citing Amiel v. United States, 209 F.3d 195, 198 (2d Cir. 2000)).  This rule does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 123 S. Ct. 1690, 1696 (2003).

To demonstrate cause, a petitioner must be able to show that the factual basis for a claim was not reasonably available, despite the exercise of reasonable diligence. United States v. Helmsley, 985 F.2d 1202, 1205-08 (2d Cir. 1993).  The "cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him ...." Coleman v. Thompson, 501 U.S. 722, 753 (1991)(emphasis in original).

In order to establish "actual innocence," a movant must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998).  Actual innocence means "factual innocence, not mere legal insufficiency." Id.  "The Supreme Court in Bousley also made clear that when a habeas petitioner is required to meet the 'actual innocence' standard, he must satisfy a higher hurdle than the 'prejudice' prong of the cause and prejudice standard." De Jesus v. United States, 161 F.3d 99, 103 (2d Cir. 1998).

Other than Petitioner's claims falling under the rubric of "ineffective assistance of counsel" or that directly arise from the June 2, 2004 resentencing Decision and Order, his claims are procedurally barred. He failed to raise the claims on direct appeal although available, and he fails to demonstrate either cause for failing to do so or his actual innocence.  Accordingly, any claims other than ones falling with the realm of a Sixth Amendment ineffective assistance of counsel claim or which directly arise from the June 2,

5

2004 resentencing Decision and Order are dismissed.

### c.  Ineffective Assistance of Counsel

In order to state a cognizable Sixth Amendment claim for ineffective assistance of counsel, Petitioner must prove: "(1) counsel's conduct 'fell below an objective standard of reasonableness,' and (2) this incompetence caused prejudice to ...defendant." United States v. Guevara, 277 F.3d 111, 127 (2d Cir. 2001)(quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). In analyzing the first prong of Strickland, the Court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  Given this presumption, "the burden rests on the accused to demonstrate a constitutional violation." United States v. Cronic, 466 U.S. 648, 658 (1984). The standard is one of objective reasonableness, and "[t]he first prong of the Strickland test is not satisfied merely by showing that counsel employed poor strategy or made a wrong decision. Instead, it must be shown that counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment.'" Jackson v. Moscicki, 2000 WL 511642, at * 7 (S.D.N.Y. April 27, 2000)(quoting Strickland, 466 U.S. at 687); see Kimmelman v. Morrison, 477 U.S. 365, 381 (1985)(Petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.")(citing Strickland, 466 U.S. at 688-89).   Furthermore, the Court must evaluate counsel's performance from his perspective at the time of the alleged errors and in the same circumstances. Garcia v. United States, 15 F. Supp.2d 367, 379 (S.D.N.Y. 1998)(citing Strickland, 466 U.S. at 689).

To satisfy the second prong of Strickland, Petitioner "must show that there is a

6

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### 1.  General, Unspecified Allegations

Petitioner makes general, unspecified allegations of ineffective assistance of counsel contending that his attorney failed to subject the government's case to meaningful adversarial testing as required by the Constitution.  "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." United States v. Cronic, 466 U.S. 648, 659 (1984).  If such failure by counsel is truly complete, then prejudice to the defense is to be presumed. See Bell v. Cone, 535 U.S. 685, 686 (2002)(citing Cronic, 466 U.S. at 659).  In the absence of a complete failure on the part of defense counsel, specific instances of alleged error must be individually analyzed under the two-prong test from Strickland. Id. ("Here, respondent argues not that his counsel failed to oppose the prosecution throughout the [case] as a whole, but that he failed to do so at specific points.  The challenged aspects of counsel's performance. . . are plainly. . . subject to Strickland's performance and prejudice components.").

In this instant case, there was not a complete failure by defense counsel to test the government's case but, rather, the opposite was true.  Having presided over the case, the Court is well aware of the vigorous defense put forth at the trial.  See United States v. Sapia, 2002 WL 620483, at *4 (S.D.N.Y. April 18, 2002).[1]  Counsel cross-examined

---

[1] In deciding a Section 2255 petition without a hearing, "a district court may rely on its own familiarity with
(continued...)

government witnesses, made pertinent legal objections, and proffered legal arguments on Petitioner's behalf. While hindsight might indicate that Counsel should have done something differently, Petitioner fails to overcome the presumption of his counsel's competence and that counsel's decisions constituted strategic choices based upon counsel's familiarity with the government's proof and the theory of the defense. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)(Petitioner offers little more than "hindsight to second-guess his [counsel's] strategy choices.").  Petitioner's cursory contention that trial counsel did not do enough does not overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Cox v. Donnelly, 387 F.3d 193, 198 (2d Cir. 2004)(quoting Strickland, 466 U.S. at 689); see Sirotnikov v. United States, 1998 WL 770557, at *4 (S.D.N.Y. Nov. 2, 1998)("Petitioner's naked assertion that his trial counsel 'failed to adequately perform pretrial research and investigation,' does not establish ineffective assistance of counsel.").  Petitioner has not surmounted the "presumption that counsel's conduct 'might be considered sound trial strategy.'" Cox, 387 F.3d at 198 (quoting Strickland, 466 U.S. at 689).  Accordingly, Petitioner's general claim fails under the first prong of Strickland. See Parnes v. United States, 1995 WL 758805, at *3 (S.D.N.Y. Dec. 21, 1995)("[V]ague allegations do not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms'.... Accordingly, the Court rejects Petitioner's claim that he received ineffective assistance of counsel."); Matura v. United States, 875 F. Supp. 235,

---

[1](...continued)
the case and deny the 2255 motion where the motion lacks 'meritorious allegations that can be established by competent evidence.'" United States v. Sapia, 2002 WL 620483 at *4 (quoting Stokes v. United States, 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001)).

237-38 (S.D.N.Y. 1995)(mere conclusory allegations that counsel was ineffective fails "to establish that his counsel's performance was deficient [and] .... fails to overcome the presumption [under Strickland] that counsel acted reasonably....").

### 2. Failure to Challenge "Facially Defective Indictment"

Petitioner also contends that his counsel was constitutionally ineffective because he failed to challenge the "facially defective indictment." Pet. Mem. of Law at p. 9. In this regard, Petitioner makes two arguments. The first is that the indictment was defective because it did not allege a specific quantity of drugs. The second is that the indictment was defective because it did not provide sufficient factual allegations to put Petitioner on notice of the specifics of the firearm possession charge. Both arguments lack merit.

As to the first argument, the Court interprets it as a claim arising under Apprendi v. New Jersey, 530 U.S. 466 (2000). The argument is, however, without merit because Petitioner was not sentenced beyond the applicable statutory maximum of § 841(b)(1)(D) and, therefore, no Apprendi violation occurred. United States v. Outen, 286 F.3d 622, 635 (2d Cir. 2002); see United States v. Thomas, 274 F.3d 655, 663-664 (2d Cir. 2001);[2]

---

[2] In Thomas the Second Circuit held:

Our holding that drug quantity is an element of a § 841 offense does not preclude a district court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a) in cases where quantity is not charged in the indictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum. See United States v. White, 240 F.3d 127, 135-36 (2d Cir. 2001); cf. United States v. Garcia, 240 F.3d 180, 183 (2d Cir.) ("We see nothing in the [Supreme] Court's holding in Apprendi or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum ...."), cert. denied, 533 U.S. 960, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001). The constitutional rule of Apprendi does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction. See United States v. McLeod, 251 F.3d 78, 82 (2d Cir.), cert. denied, 534 U.S. 935, 122 S.Ct. 304, 151 L.Ed.2d 226 (2001).

(continued...)

United States v. McLean, 287 F.3d 127, 133 (2d Cir. 2002)("As long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged ... a district court may consider drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a)."); see also 21 U.S.C. § 841(b)(1)(D)("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years. . . ."). Thus, Petitioner's argument on this point fails to meet either prong of Strickland.

Equally unavailing is Petitioner's argument that counsel was constitutionally ineffective because he failed to challenge the indictment on the grounds that it lacked specific facts that established his possession of the firearm.

> "A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." United States v. Pirro, 212 F.3d 86, 91 (2d Cir. 2000) (citing Jones v. United States, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). Accordingly, Fed. R. Crim. P. 7 provides that "[t]he indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).
>
> To satisfy the pleading requirements of Fed. R. Crim. P. 7(c)(1), "'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" [United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992)] (quoting United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975)). An indictment "'must be read to include facts which are necessarily implied by the specific allegations made.'" Id. (quoting United States v. Silverman, 430 F.2d 106, 111 (2d Cir. 1970)). In short, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant

---

[2](...continued)
274 F.3d at 663-664.

> of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. at 117, 94 S.Ct. 2887.

United States v. LaSpina, 299 F.3d 165, 176 (2d Cir. 2002).

Here, the indictment met this standard and, therefore, there was no basis upon which the challenge it. Petitioner's claim in this regard fails under both prongs of Strickland.

### 3. **Advising Petitioner to Plead Guilty to the Drug Charge**

Next, Petitioner asserts that his counsel "erroneously advised [him] to plead guilty to a drug possession charge." Pet. Mem. of Law at p. 9. The argument goes to the voluntariness of Petitioner's plea to Count 1.

Once a criminal defendant has admitted his guilt as to an offense with which he has been charged, he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266 (1973)(quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). This is the same reasonableness standard imposed by Strickland. See Strickland, 466 U.S. at 687.

The Court cannot say that Petitioner's counsel acted unreasonably in advising him to plead guilty to the drug possession charge. Indeed, Petitioner's own memorandum provides a reason for which his counsel advised him to plead guilty: to avoid "spillover effect" with respect to the other charge pending against him if the charges had both gone to trial together. Pet. Mem. of Law at p. 9. Furthermore, Petitioner does not contend that

11

anything his counsel told him made his plea any less knowing or voluntary.  There are no allegations that Petitioner was coerced, or that Petitioner's counsel otherwise made false promises or failed to advise Petitioner as to the consequences of pleading guilty. Once again, Petitioner's cursory contentions that trial counsel did not act in a professionally competent manner do not overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Cox, 387 F.3d at 198. Thus, the claim fails under the first prong of Strickland

### 4. Failing to Object to Admission of Gun Bag

Petitioner also asserts that his attorney was constitutionally ineffective because he failed to object to the admission into evidence of the bag in which the gun was found.  In this regard, he asserts that there was an "invalid" chain of custody of the bag.  See dkt. no.1, Pet. Ground 4.   Chain of custody issues bear on the weight of the evidence, rather than its admissibility. United States v. Jackson, 345 F.3d 59 (2d Cir. 2003)(citing United States v. Morrison, 153 F.3d 34, 57 (2d Cir. 1998)).  As such, it is not unreasonable that Petitioner's counsel did not object to the admissibility of the bag into evidence.  Even if Petitioner's counsel *had* objected to the bag's admission into evidence, he would have been overruled.  Therefore, Petitioner has failed to meet either prong of Strickland.

### 5. Advising Petitioner to Accept Ownership of Firearm

Petitioner contends that counsel was constitutionally ineffective for advising Petitioner to "accept ownership of a firearm although no competent evidence had been introduced by the prosecution to show any connection between [the gun and] the Petitioner." Pet. Mem. of Law at p. 10-11.  The claim fails under the second prong of

12

Strickland. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). As indicated in the June 2, 2004 Decision and Order, the Court was convinced of Petitioner's possession or use of the firearm in connection with his drug activity based upon evidence independent of any acceptance or admission by Petitioner. See 6/2/04 Dec. & Ord. pp. 2-3. Consequently, Petitioner's claim in this regard fails.

### 6.   Failing to Object to Sentencing Factors

Petitioner argues that his attorney was constitutionally ineffective because he failed to: (a) object to sentencing of the drug charge under 21 U.S.C. § 841(b)(1)(D) as opposed to 21 U.S.C. § 844(a); (b) object to the determination that Petitioner was an armed career offender under 18 U.S.C. § 924(e); (c) argue that the Court erred in concluding that Petitioner's criminal history was a category VI; and (d) argue that the calculation of his criminal history as a category VI was an over-representation of his criminal history.   Each of these claims fail.

As to the drug count, the statutory basis of the charge - 21 U.S.C. § 841(b)(1)(D) - was clearly articulated at Petitioner's plea. There was no valid basis for counsel to argue that his sentence should have been calculated in accordance with another statute.

Similarly, there was no valid basis to object to the Court's determination that Petitioner was an armed career offender and a criminal history category VI.  Petitioner's total criminal history points (15) placed him in a Criminal History Category VI.  In addition, his three convictions for felony drug offense that each carried a maximum imprisonment of

10 years or more, together with his conviction under Count 2 of the indictment, qualified him as an armed career offender under 18 U.S.C. § 924(e). Pursuant to U.S.S.G. § 4B1.4(c)(2), Petitioner's Criminal History Category was automatically a category VI. Any argument by counsel that these provisions did not apply or that Petitioner's criminal history was over-represented by a Criminal history Category VI would have been rejected by the Court. Accordingly, Petitioner cannot show that counsel's failure to advance the arguments he now proffers would have been successful and, therefore, fail under the second prong of Strickland.

### 7. Failure to File a Timely Notice of Appeal

Finally, Petitioner contends that his attorney was constitutionally ineffective because he failed to file a timely notice of appeal from the Court's June 2, 2004 Decision and Order. The government seemingly concedes that Petitioner has asserted a viable Strickland claim in this regard. See Govt. Suppl. Resp., p. 2.[3]

An attorney's "failure to file a timely appeal in a criminal case, when requested by a defendant, constitutes ineffective assistance of counsel, entitling the defendant to relief." United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003)(citing Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002)); see Campusano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006).[4] In light of Attorney Greenwald's July 7, 2004 letter in which he indicates that

---

[3] In this regard, the government writes: "Upon review of the applicable case law, most particularly . . . Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), it appears to the government that permission to appeal from the June 2nd order of the district court would be an appropriate remedy." Govt. Suppl. Resp., p. 2.

[4] In Campusano, the Circuit wrote:

The question presented in this case is whether an attorney who fails to file a notice of appeal requested by his
(continued...)

14

Case 3:02-cr-00226-TJM   Document 95   Filed 12/29/06   Page 15 of 18

Petitioner had requested that a notice of appeal be filed yet a timely notice of appeal was not filed, the motion will be granted.

In a similar situation, "[i]n order to afford the defendant the opportunity to file a direct appeal," the Second Circuit vacated the sentence and directed that, upon remand, the "district court shall either (1) enter a new judgment imposing the same sentence in open court with defense counsel present, or (2) if the district court discerns any useful purpose in further considering the sentence, resentence the defendant." Garcia, 278 F.3d at 138(citations omitted). Similar procedures have been followed in other cases. See Rodriquez v. United States, 395 U.S. 327, 332 (1969) (remanding to district court for resentencing where trial counsel failed to file a notice of appeal); McHale v. United States, 175 F.3d 115, 119-20 (2d Cir.1999)(noting that remand for resentencing or entry of new judgment is usual remedy for counsel's failure to file requested appeal); see also Fuller, 332 F.3d at 64-65.[5]

---

[4](...continued)
client is constitutionally ineffective when the client waived appeal in his plea agreement. We hold that even after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When counsel fails to do so, we will presume prejudice, as required by Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit.

442 F.3d at 771-72 .

[5] In Fuller, the Circuit noted:

Courts granting relief for a successful section 2255 motion challenging counsel's ineffectiveness in not pursuing a direct appeal have used either the resentencing remedy, see Hollis v. United States, 687 F.2d 257, 259 (8th Cir.1982), or the more limited remedy of entry of a new judgment, see United States v. Stearns, 68 F.3d 328, 331 (9th Cir.1995), abrogated on other grounds, Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). We have given a district court the choice of remedies. See Garcia, 278 F.3d at 138.

(continued...)

15

Here, inasmuch as: (1) Petitioner's sentence will now be subject to United States v. Booker, 543 U.S. 220 (2005); (2) if Booker is not addressed on re-sentencing, the issue will be subject to a remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005); and (3) a Crosby remand generally requires the Court to consider the views of counsel in the first instance, see United States v. Lowery, 2006 WL 1991764, at *1 (D. Conn. July 14, 2006),[6] the Court finds that resentencing will serve a useful purpose. Thus, the Court will vacate Petitioner's sentence, appoint him counsel, and direct that counsel address the sentence in light of Booker. The Court will then re-sentence Petitioner.

### 5. Sentencing Errors Related to Firearm Enchantment

To the extent that Petitioner contends that his attorney was constitutionally ineffective because he failed to challenge the firearm enhancement upon re-sentencing, the issue is moot in light of the fact that Petitioner will, once again, be re-sentenced. Any legal challenge to this enhancement can be reasserted at resentencing and on appeal, if

---

[5](...continued)

Id. The Court in Fuller decided to dismiss the appeal and "remand to the District Court with instructions to vacate the judgment and enter a new judgment from which a timely appeal may be taken." Id. at 65.

[6] As noted by the District of Connecticut in Lowery:

> Pursuant to Crosby, a district court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fan Fan regime and counsel had availed themselves of their new opportunities to present relevant considerations ..." Crosby, 397 F.3d at 117. "In making that threshold determination, the [district court] should obtain the views of counsel, at least in writing, but need not require the presence of the defendant...." Id. at 120. However, the district court need not hold a hearing in order to reach its decision as to whether to resentence the defendant. If, after considering the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, the court concludes "that the original sentence would have differed in a non-trivial manner from that imposed," id. at 118, then a full resentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure is required.

2006 WL 1991764, at *1.

any.

### d.  Appointment of Counsel/ IFP Status

Petitioner's motion for appointment of counsel for purposes of the Section 2255 motion is  moot, but counsel will be appointed for purposes of resentencing. See  18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." ). Similarly, Petitioner's motion to proceed *in forma pauperis* is granted for purposes of re-sentencing and any appeal that might follow.  See 28 U.S.C. § 1915.

### d.  Certificate of Appealability

Inasmuch as this Decision and Order denies Petitioner's Section 2255 motion in substantial part, the Court considers whether he is entitled to a Certificate of Appealability from the adverse portions. See 28 U.S.C. § 2253. The Court finds that he is not.  Other than the grounds upon which re-sentencing is granted, Petitioner presents no viable issues upon which reasonable jurists could debate whether: (a) the sentence was imposed in violation of the Constitution or laws of the United States; (b) the Court was without jurisdiction to impose such sentence; (c) the sentence was in excess of the maximum authorized by law; or (d) the sentence is otherwise subject to collateral attack.  Therefore, a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is denied**.** See Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1039-1040 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

17

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART AND DENIED IN PART**. The motion is granted inasmuch as Petitioner will be resentenced. The motion is, in all other respects, denied.

Petitioner's motions for appointment of counsel and to proceed *in forma pauperis* are **GRANTED** for purposes of resentencing and any ensuing appeal in the criminal matter. The Clerk of the Court is directed to assign Petitioner counsel from the Criminal Justice Act Panel of this District, and then direct this attorney and the government's attorney to submit sentencing memoranda no later than February 5, 2007.

A Certificate of Appealability pursuant to 28 U.S.C. § 2253 from the adverse determinations made in this Decision and Order is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 29, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge